UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIKA L. MCNAMARA and
WILLARD F. WARREN,

    Plaintiffs,

v().                                         CASE NO. 8:17-cv-3060-23TBM

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendant.

_____

## CASE MANAGEMENT REPORT

1.    Meeting of the Parties: Under Local Rule 3.05(c)(2)(B) or 3.05(c)(3)(A), a meeting was held on <u>January 19, 2018</u> at <u>2:00 p.m.</u> (check one)

    (X)    by telephone.
    (__)    at _____(place)_____.

The meeting was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Megan E. Alexander | Government Employees Ins. Company |
| Kenneth McKenna | Erika McNamara and Willard Warren |

2.    Initial Disclosure:

    a.    Rule 26(a)(1), Federal Rules of Civil Procedure, states:

    Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

        (i) the name and, if known, the address and telephone number of each individual likely to have discoverable

Case No.: 8:17-cv-3060-23TBM

information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.[1]

The parties (check one)

(__)   have exchanged Rule 26(a)(1)(A) information.

(X )   agree to exchange Rule 26(a)(1)(A) information on or before __February 2, 2018__ .[2]

(__)   stipulate not to disclose Rule 26(a)(1)(A) information because

---

[1] A party is not excused from an initial disclosure because the party has not fully completed an investigation of the case or because the party challenges the sufficiency of another party's disclosures or because another party has failed to disclose. Fed. R. Civ. P. 26(a)(1).

[2] Under Rule 26(a)(1)(C), "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan." Unless otherwise stipulated or ordered, any party first served or otherwise joined after the Rule 26(f) conference must initially disclose within thirty days of being served or joined. Fed. R. Civ. P. 26(a)(1)(D).

Case No.: 8:17-cv-3060-23TBM

_____

_____

_____

(__)   are unable to agree to disclosure of Rule 26(a)(1)(A) information because _____

_____

_____

_____

3.   Discovery Plan (Plaintiff): The parties jointly propose the following discovery plan for the plaintiff:

   a.   Planned Discovery: A description of each discovery effort the plaintiff plans to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the plaintiff will pursue the discovery.

   (1) Request for Admission:

Plaintiffs' do not anticipate serving Request(s) for Admission at this time, but reserve the right to do so.

   Number of Requests for Admission: In paragraph 6 of this order, a party may seek – in accord with Rule 26(b)(2) – to limit the number of the plaintiff's requests for admission.

   (2) Written Interrogatory:

Plaintiffs will not serve more than twenty-five (25) written interrogatories pursuant to Fed. R. Civ. P. Rule 33, including all parts and subparts.

Case No.: 8:17-cv-3060-23TBM

Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." In paragraph 6 of this order the plaintiff may request leave to exceed this limit.

(3) Request for Production or Inspection:

Plaintiffs intends to serve several requests for production.

(4) Oral Deposition:

Plaintiffs anticipate taking the depositions of the GEICO employees, supervisors, and managers involved in the handling of the Bennett's claim against Plaintiffs. Plaintiffs may also depose Mr. Bennett, as well as his counsel in the underlying suit. Plaintiffs may also depose a corporate representative or employees of Tampa General Hospital as well as the defendant's expert(s) in this matter.

The Plaintiffs reserve the right to identify other depositions through information learned in discovery, but does not anticipate taking more than ten (10) depositions in accordance with M.D. Fla. L.R. 3.02(b), Fed. R. Civ. P. 30(a)(20(A) and 31(a)(2)(A).

The Plaintiffs do not anticipate that any deposition will exceed the time limits set forth in Fed. R. Civ. P. 30(d)(2).

Number of Depositions: Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." In paragraph 6 of this order the plaintiff may request leave to exceed this limit.

Time Permitted for Each Deposition: Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.

Case No.: 8:17-cv-3060-23TBM

The parties request an order extending the duration of the following depositions:

Proposed Length

| Name | of Deposition | Grounds |
|---|---|---|

None at this time.

     b.    Disclosure of Expert Testimony: Under Rule 26(a)(2)(C), the parties stipulate that the plaintiff's Rule 26(a)(2) disclosure is due on or before June 1, 2018.

     c.    Supplementation of Disclosure and Response: The parties agree that the plaintiff will supplement under Rule 26(e) at the following times:

N/A.

     d.    Completion of Discovery: The plaintiff will begin discovery in time to complete the discovery on or before    August 20, 2018   .

4.    Discovery Plan (Defendant): The parties jointly propose the following discovery plan for the defendant:

     a.    Planned Discovery: A description of each discovery effort the defendant plans to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the defendant will pursue the discovery.

        (1) Request for Admission:

Defendant does not anticipate serving any request for admission, but reserves the right to do so.

            Number of Requests for Admission: In paragraph 6 of this order, a party may seek – in accord with Rule 26(b)(2) – to limit the number of the defendant's requests for admission.

        (2) Written Interrogatory:

Case No.: 8:17-cv-3060-23TBM

Defendant will not serve more than twenty-five (25) written interrogatories pursuant to Fed. R. Civ. P. Rule 33, including all parts and subparts.

> Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." In paragraph 6 of this order the defendant may request leave to exceed this limit.

(3) Request for Production or Inspection:

Defendant anticipates serving several Requests for Production.

(4) Oral Deposition:

Defendant anticipates that it may take the depositions of several GEICO employees, including but not limited to the adjuster(s) who handled Mr. Bennett's claim against Ms. McNamara and Mr. Warren, and any managers or supervisors. Defendant will also seek to depose Mr. Bennett, as well as his counsel(s) in the underlying suit against Ms. McNamara and Mr. Warren. Defendant will also seek to depose the Plaintiffs in this action. Defendant will also seek to depose the expert(s) retained by the plaintiffs in this action.

> Number of Depositions: Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." In paragraph 6 of this order the defendant may request leave to exceed this limit.
>
> Time Permitted for Each Deposition: Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.
>
> The parties request an order extending the duration of the following depositions:
>
> Proposed Length

Case No.: 8:17-cv-3060-23TBM

<u>Name</u>        <u>of Deposition</u>          <u>Grounds</u>

None at this time.

    b.    Disclosure of Expert Testimony: Under Rule 26(a)(2)(C), the parties stipulate that the defendant's Rule 26(a)(2) disclosure is due on or before July 15, 2018.

    c.    Supplementation of Disclosure and Response: The parties agree that the defendant will supplement under Rule 26(e) at the following times:

N/A.

    d.    Completion of Discovery: The defendant will begin discovery in time to complete the discovery on or before <u>August 20, 2018</u>.

5.    Joint Discovery Plan: The parties agree to the following discovery practices (e.g., method of handling confidential information, method for asserting or preserving a privilege or an objection, arrangement for discovery in phases or only on particular issues):

The parties will work together in an effort to reasonably resolve any confidentiality issues that may arise during the course of this litigation.

6.    Disagreement or Unresolved Issue Concerning Discovery: No disagreement or unresolved issue excuses the timely establishment of a deadline for completion of discovery. The following discovery issues remain:

None at this time.

7.    Third-Party Claim, Joinder of Party, Potentially Dispositive Motion: The parties agree that they must move by March 16, 2018 for leave to file a third-party claim or for leave to join a party. *See* Local Rule 4.03. The parties agree that a dispositive motion is due on or before September 17, 2018.

8.    Settlement and Alternative Dispute Resolution: Under Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement of their intent regarding alternative dispute resolution:

Case No.: 8:17-cv-3060-23TBM

The parties agree that settlement is (check one)

(__)  likely.
(X)   unlikely.

Concerning binding arbitration under Local Rules 8.02(a)(3) and 8.05(b), the parties (check one)

(__)  consent.
(X)   fail to consent.

If the parties fail to consent to binding arbitration, future consent is (check one)

(__)  likely.
(X)   unlikely.

If the parties fail to consent to binding arbitration, an order will require mediation under Chapter Nine of the Local Rules.

9.   **Consent to Magistrate Judge Jurisdiction:** Concerning consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial (*see* 28 U.S.C. § 636), the parties (check one)

(__)  consent.
(X)   fail to consent.

If the parties do not consent, future consent is (check one)

(__)  likely.
(X)   unlikely.

10.   **Final Pretrial Conference and Trial:** The parties will prepare for a final pretrial conference, which will occur on or after _____January 28, 2019_____, and for trial, which will occur on or after _____February 11, 2019_____. This trial is expected to last approximately 4-5 days and is a (check one)

(X)   jury trial.
(__)  bench trial.

Case No.: 8:17-cv-3060-23TBM

11. Pretrial Disclosure and Final Pretrial Procedure: The parties acknowledge awareness of and compliance with the pretrial disclosure requirements in Rule 26(a)(3) and the final pretrial procedure requirements in Local Rule 3.06.

12. Other Items:

   Nature and Complexity:

   The instant action is a third party bad faith action brought by GEICO's insureds, Erika McNamara and Willard Warren, arising from an accident that occurred on September 19, 2010, and which resulted in a judgment in favor of Kenneth Bennett against Erika McNamara and Willard Warren. This is not anticipated to be a complex bad faith action.

Date: January 19, 2018

*s/ Megan Alexander*
**B. RICHARD YOUNG**
Florida Bar No. 442682
ryoung@flalawyer.net
**MEGAN ALEXANDER**
Florida Bar No.: 58883
Malexander@flalawyer.net
**JORDAN M. THOMPSON**
Florida Bar No.: 87600
Jthompson@flalawyer.net
Young, Bill, Boles, Palmer & Duke, P.A.
401 E. Jackson Street, Suite 2950
Tampa, FL 33602
(813) 603-3006 / 603-3011 – facsimile
*Counsel for Defendant*

*s/ Kenneth J. McKenna\**
**KENNETH J. MCKENNA**
Florida Bar No.: 0021024
KJMeservice@dwklaw.com
Dellecker, Wilson, King, McKenna, Ruffier & SOS, LLP
719 Vassar Street
Orlando, FL 32804
(407) 244-3000 - phone
(407) 244-3033 - fax
*Counsel for Plaintiff*
\* Electronically signed with consent

Case No.: 8:17-cv-3060-23TBM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of January, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Megan Alexander*
**B. RICHARD YOUNG**
Florida Bar No. 442682
ryoung@flalawyer.net
**MEGAN ALEXANDER**
Florida Bar No.: 58883
Malexander@flalawyer.net
**JORDAN M. THOMPSON**
Florida Bar No.: 87600
Jthompson@flalawyer.net
Young, Bill, Boles, Palmer & Duke, P.A.
401 E. Jackson Street, Suite 2950
Tampa, FL 33602
(813) 603-3006 / 603-3011 – facsimile
*Counsel for Defendant*

Case No.: 8:17-cv-3060-23TBM

## SERVICE LIST

Kenneth J. McKenna, Esq.
Dellecker, Wilson, King, McKenna, Ruffier & Sos, LLP
719 Vassar St.
Orlando, FL 32804
(T) 407-244-3000
(F) 407-244-3033
KJMeservice@dwklaw.com
Attorney for Plaintiffs
*via e-service*