**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ERIKA L. MCNAMARA and
WILLARD F. WARREN,

  Plaintiffs,                                          CASE NO. 8:17-cv-03060-SDM-CPT

vs.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

  Defendant.
_____/

**PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE AND TO COMPEL
IN CAMERA PRODUCTION OF DOCUMENTS ENCOMPASSED BY PRIOR ORDERS
OF THE COURT**

      Plaintiffs, ERIKA MCNAMARA and WILLARD F. WARREN, by and through their undersigned counsel, and pursuant to Middle District of Florida Local Rule 3.01(c), hereby file their Motion for Order to Show Cause and To Compel In Camera Production of Documents Encompassed by Prior Orders of the Court. In support thereof, Plaintiffs state as follows:

      1.      This action is a third-party bad faith action brought by GEICO's insureds.

      2.      This motion relates to the motion practice arising out of Plaintiffs' service of a non-party production request and subpoena directed to the Young Firm in July of 2018. In response, GEICO and the Young firm filed nearly identical motions opposing the production (DE 44, 45).

      3.      Plaintiffs filed a response to the motions to quash (DE 46) and Magistrate Tuite held a hearing on September 12, 2018. After the hearing, GEICO's counsel and the Young firm were directed by the Court to file documents responsive to the subpoena for in camera review (DE 55).

4. On October 5, 2018 Magistrate Judge Tuite issued an Order (DE 72) directing the Young firm to submit additional production for in camera review and ordering Megan Alexander, as counsel for GEICO and the Young firm, to submit an affidavit confirming that all responsive documents had been produced.

5. The Affidavit of Megan Alexander was filed on October 12, 2018 (DE 74).

6. Plaintiffs were granted leave to file a Memorandum In Response to Megan Alexander's affidavit[1] (DE 78). Following limited additional briefing, the Court entered an Order on December 21, 2018 (DE 89). The Order included the following discussion:

"Finally, underlying this dispute is the Plaintiffs' contention that the Young firm funneled communications through Sanders to Summers in order to shield them from production. The Court agrees with the Plaintiffs in large part that any such communications are relevant and discoverable. To the extent there are draft letters or other communications between Summers and Sanders during the time period from September 10, 2010 to April 12, 2012, the Court finds that such matters should be disclosed. GEICO and the Young firm present no basis for the protection of these materials, and they are clearly relevant to Summers' handling of the underlying claim. It is unclear to the Court on this record whether any such communications exist or whether they have already been disclosed to the Plaintiffs. If they have not been, the Court directs GEICO to turn them over as directed below." (DE 89, *9)

---

[1] GEICO and the Young firm filed a response in opposition to Plaintiffs request to file a memo in response to the Alexander affidavit (DE 80). In the response, GEICO and the Young Firm acknowledged that an ALOG entry by Adjuster Summers on February 10, 2012 (DE 80-7) was "inadvertently withheld" under a claim of privilege (DE 80, *4). Thus, Plaintiffs did not have access to this key ALOG note until long after the close of discovery and the filing of GEICO's Motion for Summary Judgment.

2

7. Defendant GEICO then filed a Motion for Clarification and/or In Camera Inspection (DE102) that was granted in part (DE 103).

8. Thereafter, GEICO submitted additional documents to the Court for In Camera review and on January 24, 2019 the Court entered an Order following review (DE 119). GEICO timely furnished the undersigned with the documents labeled EC GLC 001-002 (DE 123).

9. The unredacted portion of document EC GLC 001 (Ex. 1) is a note in GEICO's extra contractual claim file log (ALOG) on February 3, 2012[2] by adjuster Ginger Sanders that states:

> ▓* SPOKE W/ LIABILITY EXAMINER ADVSING I HAVE SPOKEN TO RICHARD AND TO KEEP EVERYTHING SEPARATE EVERYTHING WILL GO THROUGH ME. LET HER KNOW HE IS WORKING ON THE RESPONSE LETTER ALSO. *** NOTE ENTERED BY => GINGER SANDERS 80064824933

10. The unredacted portion of document EC GLC 002 (Ex. 2) is another note in the extra contractual ALOG on February 10, 2012 by Sanders that states:

> RECVD DRAFTED LETTER RICHARD YOUNG WAS REQUESTED TO GHOST WRITE FOR LIABILITY EXAMINER. PROVIDED A COPY OF LETTER FOR HER TO SEND OUT. *** NOTE ENTERED BY => GINGER SANDERS 80064824933

---

[2] Monique Summers, GEICO's adjuster on the underlying claims, initiated contact with the Young firm on January 25, 2012 (See DE 80-8, p. 22). The Young firm's staff created a New File Assignment Sheet on January 26, 2012 listing Summers as the examiner contact and assigning Firm File #1001967. According to GEICO's counsel Megan Alexander at the hearing of September 12, 2018, GEICO's extracontractual file was opened on January 31, 2012.

11. These extra contractual ALOG entries confirm that the February 10, 2012 letter from GEICO adjuster Summers to attorney Lisha Bowen of the Swope Rodante firm was in fact ghost written by Mr. Young at GEICO's request. The extra contractual ALOG entries also confirm that adjuster Monique Summers' February 10, 2012 entry in the claim file ALOG that she drafted the response letter and reviewed it with management is patently false (DE 80-7).

12. Plaintiffs contend that GEICO's has yet to fully comply with the Courts prior orders and request that the Court enter an Order to Show Cause and/or Order to Compel GEICO to submit additional documents in the following categories for in camera review:

    a. GEICO and the Young firm have failed to produce Mr. Young's draft of the February 10, 2012 letter or any documents reflecting the transmission of the draft letter from Mr. Young to EC adjuster Sanders (or anyone else at GEICO) despite a direct Order from the Court (DE 89, p. 9);

    b. GEICO and the Young firm have failed to produce the Young firm's billing records on Firm File #1001967 up to April 12, 2012 that relate to the ghost-drafting of the February 10, 2012 letter;

    c. Finally, GEICO should be required to submit adjuster Summers' ALOG notes of January 25 and 26, 2012 (GLC 004015-004016) that have been withheld under claim of privilege to the Court to determine if their disclosure is also warranted in light of the Court's prior Orders[3];

---

[3] GEICO's counsel produced the January 25 and 26, 2012 ALOG notes after being advised of Plaintiffs' intent to file this motion.

**MEMORANDUM OF LAW**

The Federal Rules "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.3d 1545, 1547 (11th Cir. 1985). The "overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information, so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *State Nat'l Ins. Co. v. City of Destin*, 2015 WL 11109379, at *1 (N.D. Fla. Sept. 1, 2015).

District court have broad authority to control discovery. *See Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). This court's authority includes the ability to fashion sanctions when parties fail to comply with court orders. *See id*; *See also* Fed. R. Civ. P. 37(b)(1)(A). The Federal Rules suggest a non-comprehensive list of potential sanctions to consider, based on a party's conduct at issue:

> "If a party. . .fails to obey an order to provide or permit discovery, including an Order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i)   Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii)  Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) Striking pleadings in whole or in part;
>
> (iv)  Staying further proceedings until the order is obeyed;

   (v)  Dismissing the acting or proceeding in whole or in part;

   (vi)  Rendering a default judgment against the disobedient party; or

   (vii)  Treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

  *Id.* at (b)(1)(A)(i)-(vii)

  GEICO and the Young firm's obfuscation and denials on the issue of the genesis of the February 10, 2012 letter have resulted in the filing of over a hundred pages of pleadings, a lengthy hearing, and a handful of subsequent orders. While Plaintiffs appreciate the time and effort put forth by the Court to sort through this issue, the time for gamesmanship has long passed. Plaintiffs respectfully request that the Court order the in-camera production of these additional documents.

  Because GEICO's Motion for Summary Judgment is pending before the Court, pursuant to subsection (iv) above, Plaintiffs also request a brief stay of the proceedings to permit the review and production of these documents and to allow Plaintiffs filings in opposition to summary judgment to be updated or amended as necessary based on newly produced evidence.

  In addition, pursuant to F.R.Civ.P. 37 (b) (1) (C) Plaintiffs also respectfully request that the Court order GEICO to pay the expenses and attorney's fees incurred in connection with GEICO's failure to comply with the Court's prior orders.

### **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)**

  Counsel hereby certifies that he has conferred with Defense counsel in a good faith effort to resolve by agreement the issues raised in this motion. As referenced earlier herein, GEICO's counsel has produced the ALOG entries of January 25 and 26, 2012. GEICO objects to the

remainder of this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of February, 2019 a true and correct copy of the foregoing has been electronically filed with the Clerk of Court by using the **CM/ECF eFiling** system which will automatically electronically furnish a copy to: B. Richard Young, Esq. Jordan Thompson, Esq., Megan Alexander, Esq., Young, Bill, Boles, Palmer & Duke, P.A., 401 E. Jackson Street, Suite 1410, Tampa, FL 33602 (ryoung@flalawyer.net, Jthompson@flalawyer.net, MAlexander@flalawyer.net).

                **DELLECKER WILSON KING**
                **McKENNA RUFFIER & SOS**
                **A Limited Liability Partnership**

                BY: s/ Kenneth J. McKenna
                Kenneth J. McKenna
                Florida Bar No. 0021024
                Daniel E. Smith, II
                Florida Bar No. 0016249
                719 Vassar Street
                Orlando, Florida 32804
                407-244-3000
                KJMeservice@dwklaw.com
                DESeservice@dwklaw.com
                Attorneys for Plaintiffs