IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIKA L. MCNAMARA and
WILLARD F. WARREN,

      Plaintiffs,                                 Case No.: 8:17-cv-03060-SDM-CPT

v.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

      Defendant.

_____/

**GOVERNMENT EMPLOYEES INSURANCE COMPANY'S RENEWED
EIGHTH MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF
EVIDENCE OR TESTIMONY REGARDING YOUNG, BILL, BOLES,
PALMER, DUKE & THOMPSON, P.A. AND/OR THE EC ADJUSTER**

Defendant, GOVERNMENT EMPLOYEES INSURANCE COMPANY

("GEICO"), by and through its undersigned counsel and pursuant to Federal Rules of

Evidence, respectfully moves *in limine* to preclude Plaintiffs from presenting evidence,

testimony, or arguments regarding Young, Bill, Boles, Palmer Duke, & Thompson,

P.A. ("YBBPDT"). In support of its requests, GEICO states as follows:

     1.     The present action is a third party-bad faith action brought by ERIKA L.

MCNAMARA ("McNamara") and WILLARD F. WARREN ("Warren") against

GEICO. [*See* Doc. 2]. Plaintiffs allege that GEICO acted in bad faith in the handling

of the bodily injury claim brought against Plaintiffs by Kenneth Bennett ("Bennett"),

as the limited Guardian of the Person and Property of Deborah Randall Lambert

("Lambert"), which arose from an automobile accident on September 19, 2010.

2.      On July 27, 2018, Plaintiffs served a Notice of Production from Non-Party and Subpoena directed to the records custodian of YBBPDT – GEICO's counsel in the instant bad faith action.

3.      Both GEICO and YBBPDT objected to the requests on the grounds that the sought-after documents were irrelevant to this action, protected by the attorney-client privilege and work-product doctrine. [*See* Docs. 44, 45, 89]. Plaintiffs argued that the production was relevant because the handling adjuster, Monique Summers, "could not split her brain in half and compartmentalize information relating to her in manufacturing the defense of a potential bad faith claim from her obligations to attempt to settle the underlying claim without breaching her fiduciary duties." [*See* Docs. 46 at 9, 89].

4.      After a hearing and additional briefing, on December 21, 2018, the Court entered its Order granting in part and denying in part GEICO's and YBBPDT's Motions to Quash Subpoena, Motions for Protective Orders, and Objections to Plaintiffs' Notice of Production from Non-Party. [*See* Doc. 89]. The Court specifically rejected Plaintiffs' relevancy arguments and stated that "upon due consideration, the Court finds the Plaintiffs' argument unpersuasive. Neither the decisional law, nor the facts of this case, bear out the Plaintiffs' assertions with respect to attorney-client privileged communications. The Plaintiffs' urging aside, by my reading of the pertinent authority, including that submitted by Plaintiffs, nothing prevents a claims adjuster from seeking legal advice on potential bad faith issues. Requesting legal advice, in and of itself, does not breach the adjuster's fiduciary duty to the insured." [*See* Doc. 89].

2

5.      GEICO reasonably believes that despite the Magistrate's ruling, Plaintiffs

may attempt to offer evidence, testimony, or arguments alleging that GEICO seeking

legal advice from and/or retaining counsel regarding extra-contractual/bad faith

matters resulting from the underlying claim is evidence of bad faith. Specifically,

GEICO reasonably believes that Plaintiffs may attempt to offer evidence, testimony,

or arguments regarding whether YBBPDT was involved in the preparation of

GEICO's February 10, 2012 correspondence in response to Lisha Bowen's January 6,

2012 correspondence, and attempt to argue that it was improper for GEICO to do so.

[*See* Doc. 104-1, GEICO's February 10, 2012 correspondence to Bowen]; [Doc. 104-

2, January 6, 2012 correspondence from Bowen to GEICO].[1]] As a corollary, GEICO

reasonably anticipates that Plaintiff will seek to elicit testimony from its assigned extra-

contractual adjuster. For example, on its Amended Trial Witness List and Exhibit List,

Plaintiffs listed B. Richard Young, an attorney at YBPPDT, and Virgina "Ginger"

Sanders, as witnesses that Plaintiffs expected to call and identified exhibits related to

YBBPDT and Ms. Sanders. [*See* Doc. 153-3, Plaintiffs' Amened Trial Witness List, at

#11 and #23]; [*see also* Doc. 153-1, Plaintiffs Exhibit List, at #51, #141, #142, #153].[2]

6.      When and why GEICO sought legal advice and/or retained its bad faith

counsel is, and the handling of the extra-contractual claim by the GEICO adjuster, is

not only subject to the attorney-client and/or work-product privileges, but it is

---

[1] Lisha Bowen, Esq., claimant's counsel in the underlying action, expressly revoked all offers to settle
and made bad faith allegations against GEICO in the January 6, 2012 correspondence.
[2] The instant Motion was filed prior to the filing of the Amended Final Joint Pretrial Statement.
However, the exhibits and witnesses cited herein are the same as what will be filed with the parties'
Amended Final Joint Pretrial Statement.

immaterial and irrelevant to whether GEICO acted in bad faith in failing to settle the

underlying claim. *See* Florida Standard Jury Instruction 404.4.; Fed.R.Evid. 401.

Moreover, the probative value of such information, if any, is substantially outweighed

by its prejudicial effect on GEICO and it will confuse the jury to find bad faith on

impermissible grounds. Fed.R.Evid. 403. Further, it would be highly prejudicial for

Plaintiffs to argue that GEICO retained its counsel in an attempt to suggest or

otherwise imply that GEICO believed or knew it acted in bad faith in handling the

underlying claim. *Id*.

7.      As discussed *infra*, arguments, testimony, and/or evidence of the

foregoing should be excluded from trial as they are irrelevant to the issues in this case,

unduly prejudicial, and/or misleading to the jury.

**WHEREFORE**, GOVERNMENT EMPLOYEES INSURANCE

COMPANY respectfully requests that this Honorable Court enter an Order granting

GEICO's Renewed Eighth Motion *in Limine*, and any further relief that this Court

deems necessary and proper.

## MEMORANDUM OF LAW

The Federal Rules of Evidence provide that generally all "relevant evidence is

admissible." Fed.R.Evid. 402. Thus, "[e]vidence which is not relevant is not

admissible." *Id*. "Relevant evidence" is evidence which has "any tendency to make

the existence of any fact that is of consequence to the determination of the action, more

probable or less probable than it would be without the evidence. Fed.R.Evid. 401.

Notwithstanding the fact that evidence is relevant, evidence may be inadmissible if its probative value is substantially outweighed by the likelihood of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting the introduction of improper evidence, the mention of which at trial would be prejudicial." *Fittipaldi USA Inc. v. Castroneves*, 905 So. 2d 182, 2187 (Fla. 3d DCA 2005)(quoting *Buy-Low Save Ctrs., Inc. v. Glinert*, 547 So. 2d 1283 (Fla. 4th DCA 1989)).

Although not specifically provided for by the Federal Rules, federal trial courts have the inherent power to make *in limine* evidentiary rulings pursuant to their authority to manage the course of trials. *See Luce v. U.S.*, 469 U.S. 38, n. 4 (1984)(citing generally Fed.R.Evid. 103(c)). The general purpose of a motion *in limine* is "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitively set for trial, without lengthy argument at, or interruption of the trial. *Royale Green Condominium Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 2009 WL 2208166 (S.D. Fla. 2009)(citing *Highland Capital Management, L.P. v. Schneider*, 551 F.Supp. 2d 173, 176 (S.D.N.Y. 2008).

Further, a motion *in limine* is proper to prevent a party from introducing information to the jury that would prejudice the opposing party simply through the mere mention of it. *Stewart v. Hooters of Am., Inc.*, 2007 WL 1752843 *1 (M.D. Fla. 2007)(stating that the real purpose of a motion in limine is to "avoid the introduction of damaging evidence which may irretrievably effect [sic] the fairness of the trial"); *see* 75 Am.Jur.2d Trial § 39 (2008)(acknowledging that a motion *in limine* may be proper

where the evidence at issue is highly prejudicial or inflammatory); *see* Fed.R.Evid. 403; Advisory Committee Notes Fed.R.Evid. 403 (advising that unfair prejudice within the context of Rule 403 "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

**I.**     **Plaintiffs should be precluded from offering evidence, testimony, or argument regarding YBBPDT or its involvement in extra-contractual matters, and/or the extra-contractual adjuster because this issue has already been rejected by the Court as a basis for bad faith**.

GEICO reasonably believes that Plaintiffs will attempt to argue that GEICO acted in bad faith by retaining YBBPDT to assist with responding to bad faith allegations made against GEICO. Specifically, Plaintiffs may attempt to offer evidence, testimony, or arguments regarding whether YBPPD was involved in the preparation of GEICO's February 10, 2012 correspondence in response to Lisha Bowen's January 6, 2012 correspondence, and attempt to argue that it was improper for GEICO to do so. Similarly, GEICO reasonably anticipates that Plaintiff will seek to elicit testimony from its assigned extra-contractual adjuster. For example, on its Amended Trial Witness List and Exhibit List, Plaintiffs listed B. Richard Young, an attorney at YBPPDT, and Virgina "Ginger" Sanders, as witnesses that Plaintiffs expected to call and identified exhibits related to YBBPDT and Ms. Sanders. [*See* Doc. 153-3, Plaintiffs' Amened Trial Witness List, at #11 and #23]; [*see also* Doc. 153-1, Plaintiffs Exhibit List, at #51, #141, #142, #153]. Any such evidence, testimony, or argument should be excluded because when and why GEICO sought legal advice and/or retained its bad faith counsel is, not only subject to the attorney-client and/or

6

work-product privileges, but it is immaterial and irrelevant to whether GEICO acted

in bad faith in failing to settle the underlying claim. *See* Florida Standard Jury

Instruction 404.4.; Fed.R.Evid. 401.

GEICO requests that the Court preclude Plaintiffs from presenting such

arguments at trial as the Magistrate Judge has already rejected Plaintiffs arguments as

being irrelevant to this bad faith action.  Specifically, after a hearing and extensive

briefing, on December 21, 2018, the Court entered an Order stating that "[u]pon due

consideration, the Court finds the Plaintiffs' argument unpersuasive. Neither the

decisional law nor the facts of this case, bear out the Plaintiffs' assertions with respect

to attorney-client privileged communications. The Plaintiffs' urging aside, by my

reading of the pertinent authority, including that submitted by Plaintiffs, nothing

prevents a claims adjuster from seeking legal advice on potential bad faith issues.

Requesting legal advice, in and of itself, does not breach the adjuster's fiduciary duty

to the insured." [*See* Doc. 89].  Further, YBBPDT only became involved after the

January 6, 2012 letter from Lisha Bowen where she revoked all offers to settle the

claim and accused GEICO of acting in bad faith. [*See* Doc. 104-2].  As such, any

arguments regarding YBBPDT's involvement are irrelevant to this case as there was

no opportunity to settle after the January 6, 2012 letter. *See* Florida Standard Jury

Instruction 404.4.; *RLI Ins. Co. v. Scottsdale Ins. Co.*, 691 So. 2d 1095 (Fla. 4th DCA

1997). Accordingly, based on the fact that this issue has already been adjudicated

between the parties and YBBPDT's retention is irrelevant to any issue in this action,

GEICO requests that the Court enter an Order precluding Plaintiffs from presenting such arguments regarding YBBPDT or the assigned extra-contractual adjuster at trial.

Additionally, Plaintiffs should be precluded from making such arguments at trial because the probative value of such information, if any, is substantially outweighed by its prejudicial effect and it will confuse the jury to find bad faith on impermissible grounds. Fed.R.Evid. 403.  Specifically, if Plaintiffs were permitted to make such arguments at trial, GEICO and YBBPDT, GEICO's current bad faith counsel, would be unable to explain or refute Plaintiffs' allegations because any response would require GEICO to divulge attorney-client privilege and/or work-product protected communications.  In this matter, GEICO has not done and does not intend to waive its privilege.  Clearly, such arguments at trial would be irreparably and unduly prejudicial against GEICO (and may unfairly prejudice the jury against YBBPDT). Further, it would be highly prejudicial for Plaintiffs to argue that GEICO retained its counsel in an attempt to suggest or otherwise imply that GEICO believed or knew it acted in bad faith in handling the underlying claim. *Id*.  As stated by the Magistrate Judge, "[r]equesting legal advice, in and of itself, does not breach the adjuster's fiduciary duty to the insured." [Doc. 89].  Accordingly, evidence or arguments regarding GEICO's retention of YBBPDT should be excluded from trial as it is irrelevant to the issues in this case, unduly prejudicial, and/or misleading to the jury.

**WHEREFORE**, GOVERNMENT EMPLOYEES INSURANCE COMPANY respectfully requests that this Honorable Court enter an Order granting

GEICO's Renewed Eighth Motion *in Limine* and any further relief that this Court

deems necessary and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel hereby certifies that he has conferred with the Plaintiffs' counsel in a

good faith effort to resolve by agreement the issues to be raised in the motion, and that

Plaintiffs object to the relief sought herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of October 2023, I served a copy

of the foregoing to all counsel of record in the manner specified on the attached

Service List.

> **/s/ DAVID ANGLEY**
> **JORDAN M. THOMPSON, ESQ.**
> Florida Bar No.: 0087600
> jthompson@flalawyer.net
> **MEGAN ALEXANDER, ESQ.**
> Florida Bar No.: 58883
> malexander@flalawyer.net
> **DAVID M. ANGLEY, ESQ.**
> Florida Bar No.: 0121464
> dangley@flalawyer.net
> Young, Bill, Boles, Palmer, Duke, &
> Thompson, P.A.
> Truist Place
> 401 E. Jackson Street, Suite 2950
> Tampa, FL 3362
> (813) 603-3006 - phone
> (813) 603-3011 - fax
> *Counsel for Defendant, GEICO*

## SERVICE LIST

**KENNETH J. MCKENNA, ESQ.**
Dellecker, Wilson, King, McKenna, Ruffier & Sos, LLP
719 Vassar St.
Orlando, FL 32804
(T) 407-244-3000
(F) 407-244-3033
KJMeservice@dwklaw.com
*Attorney for Plaintiffs*
*via CM/ECF*