UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIKA L. MCNAMARA and
WILLARD F. WARREN,
    Plaintiff,

v.                                      Case No. 8:17-cv-03060-SDM-AEP

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon nonparty witness Lisha Bowen's Motion to Quash Subpoena for Trial (Doc. 240) and Defendant's Response to same (Doc. 249). By way of motion, Ms. Bowen seeks on Order from this Court quashing a trial subpoena served upon her for improper service, or in the alterative, an Order protecting her from appearing as a witness at a trial set to commence in one business day. Having reviewed the filings and heard argument on the matter, this Court finds that any service errors have been corrected, and Ms. Bowen has failed to establish that testifying at this matter's trial would cause an undue burden. Accordingly, for the reasons stated below and those given at the hearing, the motion is denied.

**I.    Background**

The present action is a bad faith action brought by Plaintiffs against their insurance carrier, Defendant Government Employees Insurance Company ("GEICO"), for an alleged improper handling of a bodily injury claim brought

against Plaintiffs by Kenneth Bennett as guardian of Deborah Lambert. (Doc. 2). In the underlying personal injury action, nonparty Lisa Bowen, Esq. served as counsel for Mr. Bennett. (Doc. 240, ¶ 3). As part of its defense in this action, GEICO alleges that it was unable to settle the personal injury claim against Plaintiffs because Mr. Bennett and his counsel were unwilling to settle within Plaintiffs' $100,000 policy limits. (Doc. 249, ¶ 3). Accordingly, Ms. Bowen was deposed in this matter on August 2, 2018, and as the case proceeded to trial served with a trial subpoena via a FedEx to her residential address on **March 12, 2024**. (Doc. 249-1; Doc. 249-2). Included with the subpoena was a letter from defense counsel informing Ms. Bowen that the trial was scheduled to commence on April 15, 2024, and requesting that she remain available. (Doc. 249-2). Ms. Bowen does not contest that this subpoena was received.

On **March 13, 2023**, a second trial subpoena was furnished to Ms. Bowen via a process server. In the Return of Service, the process server attested that he had served Ms. Bowen in person at her residence. (Doc. 240-1). Ms. Bowen, however, alleges that this was false. (Doc. 240, ¶¶ 8, 11–13). She instead recounts that "at some point after March 18, 2024" she was contacted by her building's manager, Glenda Butler, who informed Ms. Bowen that a "legal paper" referencing Ms. Bowen had been found on a countertop in the building's mailroom. (Doc. 240, ¶ 8; Doc. 240-2). On **March 26, 2024**, Ms. Bowen contacted defense counsel for the first time regarding the second subpoena but stated only that she "had some issues with the effectiveness of service" and "w[ould] be out of the country for the trial period."

2

(Doc. 249-4). From March 26, 2024, through April 8, 2024, Ms. Bowen offered no further explanation as to her belief service was improper or the details of her alleged trip. On **April 9, 2024**, Ms. Bowen informed defense counsel via a telephone call that she believed she had not been properly served because: 1) service was not made on her personally and 2) the subpoena did not include a witness fee/mileage fee check. (Doc. 240, ¶ 15; Doc. 249, ¶ 10). Shortly thereafter, Ms. Bowen booked a flight to Scotland where she presented from for this matter's hearing on **April 12, 2024**. Defense counsel alleges that it had no knowledge the subpoena did not contain a fee check until Ms. Bowen's April 9 declaration, believing it had been delivered with the subpoena served by its service company, Veritext. Accordingly, on April 9, 2024, a third subpoena with an accompanying fee check was sent via FedEx to Ms. Bowen's residential address and delivered on April 10, 2024.

## II.  Legal Analysis

Under Federal Rule of Civil Procedure 45, to effectively serve a trial subpoena, the requesting party must "deliver[] a copy to the named person and, if the subpoena requires that person's attendance, tender[] the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(a)(1). Where service has been properly executed, a district court must quash or modify a subpoena only where the subpoena: 1) fails to allow a reasonable time to comply; 2) requires a person to comply beyond the geographical limits specified in Rule 45(c); 3) requires disclosure or privileges of protected matter not subject to expected; or 4) subjects a person to an undue burden. Fed. R. Civ. P. 45(d)(3).

3

### a. Personal Service

The majority position in the Eleventh Circuit is that personal service is not required by Rule 45. *See Saadi v. Maroun*, No. 8:07-CV-1976-SCB-JSS, 2021 WL 8650800 (M.D. Fla. Mar. 22, 2021) (providing an extensive list of cases supporting same). Instead, the key inquiry is whether service was "reasonably calculated to ensure receipt of the subpoena by the witness." *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 616 (S.D. Fla. 2019). Thus, service upon Ms. Bowen cannot be rendered improper simply because the subpoena was not handed directly to her, irrespective of any dispute concerning same. Ms. Bowen does not deny that both the March 12 FedEx subpoena and the March 13 Veritext subpoena were received by her. One's designated outlet for collecting mail is a place "reasonably calculated to ensure receipt of the subpoena by the witness." *Codrington v. Anheuser-Busch, Inc.*, No. 98-2417-CIV-T-26F, 1999 WL 1043861 (M.D. Fla. Oct. 15, 1999) (finding service made via certified mail to be a valid means of service under Rule 45). Moreover, by virtue of Ms. Bowen's motion, it is clear she received a subpoena and had advance notice of this matter's trial date. Accordingly, the Court does not find merit in Ms. Bowen's argument that service was improper for failing to deliver a subpoena to her personally.

### b. Witness Fee

No party in this matter disputes that Rule 45 requires that a witness fee/mileage fee check accompany a trial subpoena to compel attendance. However, failure to do so on account of a technical error does not preclude remedy. Here,

immediately upon learning of the error, defense counsel issued a new subpoena with a witness fee/mileage fee check included therein to Ms. Bowen's residential address via FedEx which was delivered on April 10, 2024. (Doc. 249-7). Thus, the Court is satisfied that service has been perfected. In advocating that the Court quash Defendant's subpoena, Ms. Bowen cites to *Wood v. Progressive Select Insurance Company* where the Southern District quashed two nonparty trial subpoenas for failing to include a check for fees with service. No. 21-14172-CIV, 2022 WL 16714191, at *2 (S.D. Fla. Nov. 4, 2022). However, in *Wood*, the nonparties' subpoenas were quashed without prejudice and their motions for protective orders denied to allow Plaintiffs the opportunity to perfect service. Here, service has been perfected. Accordingly, Ms. Bowen's argument concerning service fails on this point as while.

### c. Undue Burden

Finally, Ms. Bowen argues that the subpoena should be quashed or a protective order entered as testifying a trial will place an undue burden on her due to her "preplanned international travel." "The undue burden analysis requires the court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322 (11th Cir. 2020) (internal citations and quotations omitted). Notably, Ms. Bowen's motion does not provide any detail concerning the reason for her travel or the preparation undertaken in furtherance of same. However, at this matter's Zoom hearing, Ms. Bowen, appearing from Scotland, admitted that

5

she had not booked flights or reserved lodging for her trip to Scotland prior to being in physical possession of the subpoena informing her she needed to be available for trial. In fact, Ms. Bowen did not purchase anything for her Scotland trip until well into April 2024. Accordingly, this Court does not find that Ms. Bowen's decision to travel to Scotland establishes a legitimate hurdle to her presentation at trial such that the protections of this Court are warranted. Despite having been in possession of the subpoena for weeks, Ms. Bowen waited until three (3) business days before trial to inform defense counsel of the missing check and (2) business days before trial to seek relief from this Court.

Moreover, though Ms. Bowen may characterize herself as a "minor witness" in this matter, as succinctly stated by defense counsel, "M[]s. Bowen's testimony at trial is critical to GEICO's defense because it goes directly to the issue of Mr. Bennett's unwillingness to settle and whether because of that unwillingness GEICO was deprived of a realistic opportunity to settle," the key inquiry in bad faith litigation. (Doc. 249, p. 18). Thus, the Court finds that the burden Ms. Bowen will face does not outweigh the relevance and importance of her testimony. *See Action Nissan, Inc. v. Hyundai Motor Am.*, No. 6:18-CV-380-WWB-EJK, 2021 WL 8946139, at *2 (M.D. Fla. July 7, 2021) (finding that a preplanned vacation was insufficient to establish an undue burden for trial presentation where the nonparty's testimony would have a direct impact on the litigation).

### III. Conclusion

Accordingly, for the reasons stated herein and at the hearing, it is hereby ORDERED:

1. Lisa Bowen's Motion to Quash Subpoena for Trial or, in the Alternative, Motion for Protective Order (Doc. 240) is DENIED.

DONE AND ORDERED in Tampa, Florida, on this 12th day of April 2024.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record
      Lisa Bowen

7